No. 85-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

NORTHWEST AIRLINES, INC.,
a corporation,
Plaintiff, Respondent,
and Cross-Appellant,

-vs-

STATE TAX APPEAL BOARD, et al.

Defendants,

and

DEPARTMENT OF REVENUE OF THE STATE
OF MONTANA,
Defendant, Appellant and
Cross-Respondent.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

David W. Woodgerd argued, Dept. of Revenue, Helena,
Montana

For Respondent:

Loble & Pauly; Lester H. Loble, II, Tom K. Hopgood
argued, Helena, Montana

---

Submitted: April 3, 1986

Decided: June 5, 1986

Filed JUN 5 - 1986

*Ethel M. Harrison*
Clerk

Honorable Frank I. Haswell, retired Chief Justice, delivered the Opinion of the Court.

The District Court of Lewis and Clark County granted summary judgment to Northwest Airlines in its action to recover back a deficiency assessment on its Montana corporation license tax paid under protest. We affirm.

The background of this controversy indicates that Northwest is an interstate air carrier of passengers and freight. Some of its flights land and take-off from Montana airports while others simply fly over the state. Northwest Airlines has filed Montana corporation license tax returns each year since 1963.

As the result of an audit, the Montana Department of Revenue (DOR) levied a deficiency assessment against Northwest of $496,562.00 for the years 1973 thru 1978. Northwest paid the deficiency assessment plus interest under protest and filed an action in the District Court to secure a declaratory judgment that the deficiency assessment was illegal and to recover it back. At about the same time, Northwest filed an appeal of the deficiency assessment with the State Tax Appeal Board (STAB) which was stayed pending the outcome of the District Court action.

In September 1984, Northwest and DOR filed simultaneous motions for summary judgment. Following briefs and oral argument, the District Court granted summary judgment to Northwest, holding in substance that DOR had no authority by statute or under the Montana Administrative Procedures Act (MAPA) to use an apportionment formula which includes nonstop flyover miles in computing the Montana corporation license tax owed, and that this violates constitutional requirements

2

of due process, equal protection and the Commerce Clause. Thereafter, the District Court denied DOR's motion to alter or amend the judgment after striking the affidavits of three DOR agents and employees which were filed by DOR to support its motion.

DOR's appeal followed. A cross-appeal by Northwest concerning the interest rate has been settled by agreement of the parties.

Although the parties define the issues on appeal in diverse and varying manner and language, the basic controversy is whether the apportionment formula used by DOR in computing the corporation license tax owed by Northwest is authorized under Montana statutes, MAPA, and state and federal constitutional requirements. The remaining issues neither control nor affect this basic controversy and need not be discussed nor determined herein.

The Montana corporation license tax is imposed "for the privilege of carrying on business in this state" (emphasis added) and, in the case of a unitary business such as Northwest having income from business activity both within and without Montana, is "measured by the net income derived from or attributable to Montana sources. . ." (Emphasis added.) Section 15-31-101(3), MCA.

The statutory formula for this measurement is the multiplication of total business income of the company by a fraction," the numerator of which is the property factor plus the payroll factor plus the sales factor and the denominator of which is 3." Section 15-31-305, MCA. The property, payroll and sales factors are expressed as the proportion of Montana property, payroll and sales to the total property, payroll and sales of the company. Thus, the greater the

3

Montana shares of Northwest's property, payroll and sales, the higher its taxable Montana income will be.

DOR is empowered to alter this income apportionment method where the formula outlined above does "not fairly represent the extent of the taxpayer's business activity in this state . . ." (Emphasis added.) Section 15-31-312, MCA. DOR administratively determined that the general rules made to carry out the statutory apportionment scheme did not "fairly represent the extent of the taxpayer's business activity in this state" as far as certain industries, such as freight and passenger carriers, were concerned. Therefore, it created special procedures for those industries. A.R.M. 42.26.264 applies to freight and passenger carriers and states:

> (1) A portion of the net income of taxpayers engaged in the transportation of freight or passengers within and without Montana may be attributed to the movement of revenue-producing equipment, drivers, train crews, or other operating personnel across the state.
>
> (2) The percentage of miles traveled within Montana to total miles traveled everywhere shall be the percentage used in determining the amount of income attributable to this state. The apportionment formula for such transportation companies shall be computed as follows:
>
> (a) . . . The value of equipment used in interstate transportation shall be assigned to this state on the mileage basis.
>
> (b) . . . The wages of personnel operating transportation equipment within and without this state shall be assigned to this state upon the basis of miles. The wages of such personnel shall be assigned to Montana in proportion that miles traveled everywhere.
>
> (c) Revenues will be assigned to this state in the proportion that the miles traveled within the state bear to the total miles traveled everywhere . . .

4

Under this rule, mileage is the basis for allocating income to Montana for corporate license tax purposes. The value of equipment used in interstate commerce (property factor), the wages paid to personnel involved in interstate commerce (payroll factor) and the revenue generated in interstate commerce (sales factor) are assigned to Montana in the proportion that miles traveled within Montana compare to miles traveled everywhere. By fiat of its auditor, DOR included miles attributed to nonstop flyovers, ie. to airplanes which fly over Montana but which do not land or take off from Montana airports, as miles traveled within Montana in computing the tax owed by Northwest.

The District Court concluded that the language of § 15-31-312, MCA, and A.R.M. § 42.26.264 do not encompass the use of nonstop flyover miles in the numerator of the apportionment formula. DOR contends that a formula which has all of the miles Northwest flies in the denominator but ignores 80% of the miles Northwest flies in the numerator does not fairly represent the extent of Northwest's business activity in Montana. Each of the statutes explaining the factors to be used in the apportionment formula refer to use, payment, sale or performance "in this state." The relief provision of § 15-31-312, MCA, refers to activity "in this state." DOR's administrative rule for freight and passenger carriers refers to "miles traveled within Montana" for the formula's numerator. The flyover flights of Northwest have no contact with Montana. They do not land or take off here. DOR concedes these flights do not even have radio contact with Montana. The language of the statutes expresses no intent to consider activity other than that in Montana. Construing this language in favor of the taxpayer, as we must, Nice v. Montana

5

(1973), 161 Mont. 448, ___, 507 P.2d 527, 530, we find that DOR had no statutory authority to include nonstop flyover miles in the numerator of the apportionment formula.

The administrative decision of DOR's auditor to include nonstop flyover miles in the numerator of the apportionment formula was not an inconsequential matter. It increased Northwest's tax 490% in 1973, 414% in 1974, 404% in 1976, 383% in 1977 and 505% in 1978 (there was no profit to tax in 1975). The inclusion of overflight mileage in the statutory apportionment formula "implements, interprets or prescribes law or policy" and thus qualifies as a rule by statutory definition. Section 2-4-102(10), MCA. A rule to be valid must be adopted after notice and hearing in conformity with § 2-4-302, MCA. Here, there was no compliance with MAPA's rulemaking requirements and the auditor's unilateral decision to include overflight mileage in the numerator of the apportionment formula fails for noncompliance with MAPA requirements.

Accordingly, we hold that using nonstop flyover miles in the numerator of the apportionment formula did not comply with statutes or administrative rules and did not fairly represent Northwest's business activity within Montana as contemplated by statute. Lest we be misunderstood, we caution that nothing herein contained is intended to bar the use of nonstop flyover miles in both the numerator and denominator of the apportionment formula under appropriate statutory language and duly enacted administrative rule.

We neither reach nor decide the state or federal constitutional objections to the deficiency assessment imposed against Northwest in this case. Under the time honored rule that a court will decide an appeal on nonconstitutional

6

grounds if possible and decide constitutional issues only if necessary to the decision, we leave such issues for another day.

Finally, DOR contends that the District Court should have considered a proposed alternative formula. The issues presented to the District Court concerned the particular formula and tax used by DOR against Northwest. The District Court's function was to decide whether the same was unlawful. It did so in granting Northwest's motion for summary judgment. To rule on DOR's proposed alternate formula which would not used by them in computing the tax owed by Northwest would exceed its jurisdiction, and this Court's as well.

Affirmed.

_____
Honorable Frank I. Haswell,
Retired Chief Justice, sitting
in place of Mr. Justice L. C.
Gulbrandson

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

Justice John C. Sheehy, concurring and specially concurring:


I concur in the above opinion.

After oral argument was had in this case, a few editors in the State had some querulous comments to make concerning the State's argument that airline overflights, not touching in the State, should nevertheless be included in the numerator of the mileage factor to determine a fair income tax for the airline.

It will doubtless astound those editors to learn that the State's proposal is not unique; that a number of states use such overflight mileage in determining an airline's income taxes; that this airline particularly suggested such a method in lieu of another to the State of Minnesota; that the method is neither illegal nor unfair; and that the legislature and the department of revenue may well consider such a factor as they revamp their laws and regulations to cover the hole in the income tax law pointed out in this Court's opinion.

The use of overflight mileage in the factor stems from allocation of labor costs as one of the criteria to determine a fair tax. When airplanes are flying over the State, the labor force that put the plane there, and operates it, is generating income for the airline, income that would otherwise escape income taxation by the state overflown or by any other state.

The establishment of a good business climate in this state should not be clouded by poor income tax planning, especially when the taxpayer has suggested the method as a fair one.

- 8 -

Justice